900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn A. MAIN, III, Defendant-Appellant.
 No. 89-5426.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 9, 1990.
Decided: March 29, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. William M. Kidd, District Judge. (CR-88-156-K)
 Stanton D. Levenson, Pittsburgh, Pa., for appellant.
 David E. Godwin, Assistant United States Attorney, Clarksburg, W. Va., for appellee.
 William A. Kolibash, United States Attorney, Robert H. McWilliams, Assistant United States Attorney, Whelling, W. Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Glenn A. Main, III, is a financial planner who was convicted by a jury of three counts of submitting false statements to a federally insured bank in violation of 18 U.S.C. Sec. 1014, which prohibits "knowingly mak[ing] any false statement ... for the purpose of influencing in any way the action of ... any bank the deposits of which are insured by the Federal Deposit Insurance Corporation." The falsity of his statements consisted primarily of failing to report large indebtedness.
 
 
 2
 The sole issue on appeal is whether the district court abused its discretion by excluding from evidence revised summaries of Main's finances, along with expert testimony to explain the summaries. Main argues that the summaries would have shown he actually understated his net worth on his loan documents, an act which he contends is inconsistent with the charge that he made false statements for the purpose of influencing three banks to lend him money.
 
 
 3
 The district court excluded the evidence because its offer was untimely, it lacked supporting documents, and it was of questionable relevance.
 
 
 4
 The financial summaries were offered after the close of the prosecution's case and without prior notice. The prosecution was not afforded a reasonable opportunity to examine the documents from which the summaries were derived, as required by Rule 1006 of the Federal Rules of Evidence. The prosecution estimated that it would need at least several days to review the underlying documents.
 
 
 5
 Furthermore, evidence of Main's net worth, insofar as it would have indicated his ability to repay or his lack of intent to defraud the banks, was irrelevant. See United States v. Sabatino, 485 F.2d 540, 544-45 (2d Cir.1973). Main's net worth, whatever it might have been, wouldnot have modified the material false statements on his loan documents.
 
 
 6
 Given the marginal relevance of the financial summaries, and the way in which they were proffered, we find that the district court did not abuse its discretion in excluding them.
 
 AFFIRMED